IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SEFULU KELEMETE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEB HAALAND, *in her official capacity as U.S. Secretary of the Interior*,<br><br>　　　　Defendant. | Case No. 21-cv-00306-DKW-KJM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE** |

　　　Jointly, the parties move for transfer of this action to the U.S. Court of Federal Claims ("the joint motion"). Dkt. No. 29. Although the joint motion is far from a model of clarity, it appears that the parties so move pursuant to 28 U.S.C. Section 1406(a). *See id*. at 3.[1] Having reviewed the joint motion, the representations therein, and relevant legal authority, the Court finds that venue is improper in this District and DISMISSES this action WITHOUT PREJUDICE to re-filing in an appropriate forum.

　　　Specifically, the Court finds that venue is improper here under 28 U.S.C. Section 1391(e)(1), which provides that, in a civil action, such as this one, where a

---

[1] This is because Section 1406(a) is the only transfer provision even mentioned in the joint motion.

defendant is an officer of the United States acting in his or her official capacity, the action may be brought in any judicial district in which (1) a defendant resides, (2) a substantial part of the events giving rise to the action occurred, or (3) a plaintiff resides if real property is not involved in the action. Here, the parties represent that (1) the sole defendant resides in the District of Columbia, (2) the events giving rise to this action took place in American Samoa, and (3) all plaintiffs reside in American Samoa. Dkt. No. 29 at 2-3. In other words, Hawaiʻi is the answer to none of the three questions posed by Section 1391(e)(1). Furthermore, neither American Samoa nor the Court of Federal Claims are judicial "districts" for purposes of Title 28 and/or Section 1406(a). *See United States v. Lee*, 472 F.3d 638, 644 (9th Cir. 2006) ("American Samoa is not enumerated as a judicial 'district' among those listed in Title 28."); *Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007) (holding that, for purposes of Section 1404(a), the Court of Federal Claims is not a "district or division" to which a district court can transfer a case); *Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. Feb. 10, 2014) (same). Therefore, dismissal is appropriate. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) (explaining that, for purposes of Section 1391(b), if a case falls out of

one of the three venue categories, venue is improper and the action must be dismissed or transferred under Section 1406(a)).

Accordingly, for the reasons set forth herein, pursuant to Section 1406(a), this action is DISMISSED WITHOUT PREJUDICE to re-filing in an appropriate forum. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (explaining that dismissal for improper venue should be without prejudice). The joint motion, Dkt. No. 29, is, therefore, MOOT.

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: May 10, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Sefulu Kelemete, et al v. Deb Haaland;* Civil No. 21-00306 **DKW-KJM; ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE**